## PHILLIPS v. TURF–HUGGER CORPORATION.

### Civ. A. No. 7938.

United States District Court
D. Massachusetts.

March 2, 1950.

Herbert A. Baker, Boston, Mass., for plaintiff.

Fish, Richardson & Neave, Hector M. Holmes, William R. Hulbert, Jr., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This is a suit for infringement of the Phillips patent No. 2,120,711 for an apparatus for securing calks to athletic shoe soles.

As here used, a calk is a metal spike protruding from the sole of a shoe, usually a golf shoe. The stem of the calk is commonly screwed in to an eyelet or, as it is called in this patent, the calk anchoring member. The anchoring member itself is embedded in the sole. But the sleeve of that member is shorter than the thickness of the sole so that the end of the sleeve does not extend through the sole but is separated a sufficient distance from the underface of the sole to enable the flange of the calk to clamp the sole firmly between it and the base of the anchoring member.

The three claims of Phillips are not directed to the structure of the eyelets or spikes themselves, but to the apparatus for applying eyelets. Phillips' device consists of a pair of dies for use in an ordinary press for embedding short-sleeve eyelets in the soles of shoes.

The eyelet or "calk anchoring member", which is to be applied and which is not a part of the claimed invention, has a sleeve shorter than the thickness of the sole in which it is to be embedded and it has sharply angular edges. The apparatus covered by the alleged invention has two essential parts—an upper die and a lower die. The upper die has a protruding spring-pressed plunger. The lower die has a hole directly underneath the plunger. The sole is placed between the dies. The plunger in the upper die aligns the eyelet with the opening in the lower die. The upper die descends; the plunger retracts against the spring as the plunger comes in contact with the sole; the head of the upper die then pushes the eyelet almost all but not all the way through the leather; after the plug of the leather has been partially severed by the short sleeve of the eyelet, the plunger, by reason of the spring, completes the detaching of the leather plug and pushes it into the aperture of the lower die.

The apparatus disclosed in the patent involves nothing but routine skill in combining features that have been well-known in the eyeletting art for many years.

The use of a spring-pressed plunger in an upper die for the purpose of setting eyelets was disclosed as early as 1862 in the Critchett patent, No. 36,191. To be sure, Critchett's patent does not disclose a lower die having a central opening nor does it emphasize a coil spring of any particular strength. But Wilder's patent, No. 1,838,973 of December 29, 1931, shows a grommet (or eyelet) setting device in which the female or lower die has an opening to permit the discharge of the material which has been cut.

A self-piercing eyelet has also long been familiar—King's patent, No. 1,583,472 and the Australian patent, No. 23,608 issued to Carr Fastener Co. of Australia Ltd., as assignee. The only difference between Phillips' patent and the Australian patent is that the latter does not provide a hole in the lower die because the material for which it was to be used, sail or curtain material, was sufficiently thin to drop away without being pushed out by the plunger in the upper die.

All that Phillips did was to combine and adapt the teaching of the Wilder patent and the Australian patent or, indeed, even earlier patents such as Eaton, No. 908,453.

There was no original contribution which would not have occurred to anyone skilled in the art of eyeletting and seeking to solve the problem of inserting an eyelet into but not all the way through the sole of a shoe, and in the same operation removing the material below the eyelet. Indeed Phillips' solution had long been embodied in shop practice familiar to the disinterested, trustworthy witnesses Messrs. Hayden and Ricker.

There is such an evident lack of patentable invention that further discussion of the invalidity of the patent is unnecessary.

Decree to enter adjudging the Phillips *patent invalid for want of invention.*